Argued and submitted March 2, affirmed May 11, 1983

In the Matter of the Compensation
of Billy Joe Jones, Claimant.

## BOISE CASCADE CORPORATION,
Petitioner,

v.

## JONES,
*Respondent.*

(81-06159; CA A25053)

663 P2d 427

J. P. Graff, Portland, argued the cause for petitioner. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Marianne Bottini, Portland, argued the cause for respondent. With her on the brief was Bottini & Bottini, Portland.

Before Joseph, Chief Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

The dispositive issue in this workers' compensation case is whether a medically stationary claimant who has completed a vocational rehabilitation program is entitled to temporary disability compensation for the period of time following completion of the program and before the Evaluation Division of the Workers' Compensation Department redetermines his status. The Workers' Compensation Board affirmed the referee's determination that claimant was entitled to the compensation. We affirm.

Claimant sustained a compensable injury in 1977, and a referee awarded permanent partial disability in 1980. While medically stationary, claimant entered a vocational rehabilitation program, which he completed June 13, 1981. Petitioner, a self-insured employer, paid claimant temporary total disability while he was enrolled in the rehabilitation program. ORS 656.268. Petitioner received notice from the Field Services Division that claimant's rehabilitation program was to be completed on June 13, 1981, and on that date petitioner unilaterally terminated the temporary disability payments. Petitioner did not resume the payment of permanent partial disability, because the award made in 1980 had been fully paid.

On July 22, 1981, the Evaluation Division redetermined claimant's status and found that he was medically stationary and entitled to temporary disability compensation during the period when he was enrolled in the rehabilitation program (March 16, 1981 through June 13, 1981), but no permanent partial disability. A hearing was held, pursuant to claimant's request, to determine why temporary disability compensation was terminated June 13, 1981. The referee ordered petitioner to pay claimant temporary disability compensation for the period of June 13 to July 22, 1981, and awarded him attorney fees. On review, the Board affirmed and awarded claimant an additional attorney fee.

Resolution of the issue requires the construction of two administrative rules in the light of the law in effect at the date of claimant's injury. Former ORS 656.268(4) provided:[1]

---

[1] Subsections of ORS 656.268 have been renumbered; however, the operative language remains the same: *e.g.,* ORS 656.268(3) is now ORS 656.268(4), and ORS 656.268(4) is now ORS 656.268(5). *See* Or Laws 1979, ch 839, § 4.

"If, after the determination made pursuant to subsection (3) of this section, the director authorizes a program of vocational rehabilitation for an injured worker, any permanent disability payments due under the determination shall be suspended, and the worker shall receive temporary disability compensation while he is enrolled in the authorized vocational rehabilitation program. When the worker ceases to be enrolled and actively engaged in an authorized vocational rehabilitation program, the Evaluation Division shall redetermine the claim pursuant to subsection (3) of this section unless the worker's condition is not medically stationary."

Former OAR 436-61-410 provided:[2]

"CLAIM DETERMINATION PROCEDURE. (1) Upon receipt of notice from the Division that the worker has completed or is otherwise not enrolled and actively engaged in an authorized training program, the Compliance Division shall refer the Department claim file to the Evaluation Division for determination pursuant to ORS 656.268, if the worker's condition is medically stationary.

"(2)   Workers injured after December 31, 1973, are entitled to temporary disability compensation while enrolled and actively engaged in an authorized training program.

"(3)   If the department authorizes a training program after issuance of a determination order, Opinion and Order of a Referee, Order on Review, or Mandate of the Court of Appeals, the insurer shall suspend any award payments due under the Order or Mandate and pay time loss under 61-420(1) and (2).

"(4)   During periods of interruption in the program, when temporary disability compensation is not due, the insurer shall resume any suspended award payments.

"(5)   Upon completion or termination of the authorized training program, any award payments shall be resumed, pending a subsequent determination order by the Evaluation Division, unless the worker's condition is not medically stationary."

Under this rule, when an injured worker enters a vocational rehabilitation program, payment of permanent disability benefits ceases and payment of temporary compensation begins. When the worker completes the program, payment of unpaid

---

[2] The amendments to OAR 436-61-410 are not material to our analysis.

and previously awarded permanent disability benefits resumes pending redetermination by the Division.

OAR 436-61-420(1) provides:

"Subject to 61-410(2), the insurer shall pay temporary disability compensation to a worker who is enrolled and actively engaged in an authorized training program, *and payments will continue until termination of compensation is authorized by the insurer or the Department, as provided in ORS 656.268.* (Emphasis supplied.)

Petitioner contends that the emphasized language in this rule conflicts with former ORS 656.268(4) and OAR 436-61-410. Petitioner argues that ORS 656.268 does not require payment of temporary disability compensation beyond the date of completion of an authorized rehabilitation program. We disagree. Former ORS 656.268(4) clearly requires that a claim be redetermined following completion of a rehabilitation program. That redetermination must be completed within 10 working days after receipt of notice of termination of the program, unless additional information is required.[3] As observed by the Board, the requirement that the claim be redetermined serves as a stimulus to employers and carriers promptly to submit the claim for redetermination.

Petitioner is correct that OAR 436-61-150(2)[4] does not allow an insurer reimbursement from the Rehabilitation Reserve for any time loss paid beyond the completion date of the rehabilitation program. Former ORS 656.268(3) does, however, provide a method for recovery of temporary disability compensation paid beyond the termination date of a vocational rehabilitation program:

"* * * Any determination under this subsection may include necessary adjustments in compensation paid or payable prior to the determination, including disallowance of permanent disability payments prematurely made, crediting temporary disability payments against permanent disability

---

[3] The version of the statute in effect at the time of claimant's injury allowed the Evaluation Division 30 days to redetermine the claim. Or Laws 1979, ch 839, § 4.

[4] OAR 436-61-150(2) provides:

"Temporary disability benefits are reimburseable only for the actual time the worker is enrolled and actively engaged in training."

awards and payment of temporary disability payments which were payable but not paid. * * *"

When there is no permanent disability award against which to offset, an employer is obliged to absorb the temporary disability paid after claimant's completion of the rehabilitation program. Neither ORS 656.268(4) nor the rules allow petitioner unilaterally to terminate temporary total disability payments.

Affirmed.[5]

---

[5] Our disposition of employer's first assignment of error makes unnecessary consideration of the remaining assignment. Furthermore, although claimant may have sustained an aggravation during the vocational rehabilitation period, the matter was not before the Referee and the Board, and it is not before us.