Argued and submitted February 11, reversed in part and affirmed in part June 24, reconsideration denied August 28, petition for review allowed October 13, 1987
(304 Or 240)

In the Matter of the Compensation of
Leokadia W. Piwowar, Claimant.

GEORGIA-PACIFIC CORPORATION,
*Petitioner,*

*v.*

PIWOWAR,
*Respondent.*

(WCB 82-09391 and 83-07720; CA A38112)
(Cases Consolidated)

738 P2d 225

George Goodman, McMinnville, argued the cause for petitioner. With him on the brief was Cummins, Cummins, Brown & Goodman, P.C., McMinnville.

Linda Love, Portland, argued the cause for respondent. On the brief were James L. Francesconi and Francesconi & Cash, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This workers' compensation case concerns whether, after the issuance of a determination order, an employer may partially deny a claim and refuse to pay compensation awarded by the determination order.

Claimant experienced a minor back injury in August, 1981, which employer admits that it accepted. During the year following the injury, claimant's symptoms were diagnosed alternatively as lumbosacral strain and ankylosing spondylitis. By late 1982, the medical evidence indicated that claimant was medically stationary, and in December, 1982, employer requested claim closure. A determination order awarded 40 percent permanent partial disability. Claimant filed a request for hearing, but employer did not. Then, in February, 1983, on the basis of a medical report which indicated that the only cause of claimant's permanent disability was the noncompensable ankylosing spondylitis, employer issued a partial denial of the claim. It also stopped paying permanent partial disability benefits.

The referee treated the partial denial as a request for hearing and consolidated the hearing on the partial denial with the hearing on the determination order. He upheld the partial denial and found that claimant was not entitled to an award of permanent partial disability. However, the referee ordered employer to pay the permanent partial disability benefits which were due and unpaid on the date of his order. He assessed a penalty and attorney fees based on that amount. Both employer and claimant appealed. The Board's order on reconsideration affirmed the referee's order, except that it held that employer was precluded by *Bauman v. SAIF*, 295 Or 788, 670 P2d 1027 (1983), from denying the ankylosing spondylitis.

Pending Board review, employer refused to pay the benefits, penalty and attorney fees ordered by the referee, and claimant requested a hearing to enforce the referee's order. The second referee ordered employer to pay the amount ordered by the first referee pending Board review of that order. He assessed no penalty. The Board affirmed the second referee but assessed a penalty for employer's failure to pay the amount ordered by the first referee.

Employer seeks review of both Board orders. Because claimant does not challenge either order, we do not review the Board's determination that claimant's disability is not compensable or decide whether that question was properly before the referee and the Board.

■ The first question is whether employer could deny the compensability of the ankylosing spondylitis. We conclude that it could, in view of the Supreme Court's recent opinion in *Johnson v. Spectra Physics,* 303 Or 49, 733 P2d 1367 (1987). The claim form which claimant had filed described the injury as "sore back." There is no indication on that form that employer accepted the claim, but it acknowledges that it did. Although acceptance of a "sore back" claim could be read as acceptance of any condition causing the soreness, under *Johnson,* as we understand it, unless the specific condition is part of the accepted claim, denial of a specific condition is not precluded by *Bauman.* Employer never expressly accepted the ankylosing spondylitis; it could deny it at any time, although a late denial would subject it to a penalty. ORS 656.262(10). The Board erred in holding that the denial was precluded by *Bauman.*

■ The next issue is whether the Board properly upheld the referee's order requiring employer to pay a penalty and attorney fees, as well as permanent partial disability benefits which were due under the determination order but unpaid at the time of the referee's order. Employer contends, relying on ORS 656.262(2), that its duty to pay benefits ended when it denied the claim. That subsection provides that an employer's duty to pay compensation commences promptly on notice of the claim "except where the right to compensation is denied * * *." As we understand the quoted portion, it deals only with when the duty to pay benefits *does not begin,* not with when it ends; it does not permit an employer unilaterally to terminate benefits awarded by a determination order on an accepted claim. To permit an employer to avoid the payment of benefits which have been awarded simply by denying the claim, or a portion of it, and stopping payment would defeat the objective of prompt claim processing. Employer's remedy was to challenge the determination order through the ordinary hearing process. Only if it obtained a favorable ruling, could it terminate benefits. Its unilateral termination of benefits was unreasonable, and we conclude that that termination justified the

assessment of a penalty and attorney fees under ORS 656.262(10). *See Hutchison v. Louisiana Pacific,* 67 Or App 577, 679 P2d 338, *rev den* 297 Or 340 (1984). Additionally, the Board correctly held that employer must pay claimant the benefits which were due and unpaid on the date of the referee's order reversing the award. *See Hutchison v. Louisiana Pacific, supra,* 67 Or App at 581; *see also Hoke v. Libby, McNeil & Libby,* 81 Or App 347, 724 P2d 940 (1986).

■ The Board assessed an additional penalty against employer, because it held that the payment ordered by the referee (other than the separate penalty and attorney fee) was "compensation" under ORS 656.313, which should have been paid pending appeal to the Board. Employer asserts that the payment ordered was not "compensation," because it was not payable for disability, as required by ORS 656.313(4), because the referee had determined that claimant had no permanent compensable disability. Although it was later determined by the referee and the Board in the other appeal that claimant had no compensable permanent partial disability, when the award was made it was for disability. As we have already held, claimant was entitled to that award until the determination order was overturned by the referee. The referee properly ordered the payment of the delinquent benefits. Employer's failure to pay them was unreasonable, and we uphold the penalty. *Georgia-Pacific v. Hughes,* 85 Or App 362, 736 P2d 602 (1987).

That portion of Board order no. 82-09391 overturning employer's denial of ankylosing spondylitis is reversed; the order is otherwise affirmed; Board order no. 83-07720 is affirmed.