In the Matter of the Compensation of
William S. Nolan, Claimant.

**WEYERHAEUSER COMPANY,**
*Petitioner,*

*v.*

**NOLAN,**
*Respondent.*

(WCB 85-12463; CA A41393)

747 P2d 394

Paul L. Roess, Coos Bay, argued the cause for petitioner. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Robert K. Udziela, Portland, argued the cause for respondent. With him on the brief were Daniel C. Dziuba, and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Employer seeks review of an order of the Workers' Compensation Board which held that employer could not unilaterally deny a claim and refuse to pay compensation awarded by a determination order. We affirm.

Claimant suffered a low back injury in February, 1979. His claim was first closed by a determination order in November, 1980. It was reopened as an aggravation claim in October, 1983, and closed again on August 27, 1985, by a determination order which awarded benefits for temporary total disability from October 7, 1983, to September 25, 1984, and 20 percent unscheduled permanent partial disability. After employer's request for reconsideration, another determination order issued on September 13, 1985, affirming the August 27, 1985, order "in all respects." On October 7, 1985, employer issued a denial of temporary disability benefits for the period March 24, 1984, through September 25, 1984, because it believed that claimant was "medically stationary"[1] during that time.

Claimant challenged that denial and sought penalties and attorney fees for an unreasonable refusal to pay compensation in compliance with the orders of August 27 and September 13, 1985. The referee affirmed those orders, awarded claimant a total of $1,050 in attorney fees and imposed a penalty of 15 percent of the total temporary disability benefits due under the orders. In determining the penalty, she considered the evidence that claimant was medically stationary as of March 24, 1984, as a mitigating factor.[2] The Board affirmed the referee.

■ ■ Employer argues that it should not have been required to pay temporary disability benefits for the March to September, 1984, period when claimant was medically stationary, because the order for payment was clearly in error. Employer also claims that no statute requires that an award by the Evaluation Division by determination order be paid

---

[1] ORS 656.005(17) defines "medically stationary" to mean that "no further material improvement would reasonably be expected from medical treatment, or the passage of time."

[2] The referee could have imposed a penalty of 25 percent. ORS 656.262(10).

pending appeal. We have held that an employer may not unilaterally terminate an award of benefits made in a determination order and must pay the benefits pending the hearing and review. In *Georgia Pacific v. Piwowar,* 86 Or App 82, 85, 738 P2d 225, *rev allowed* 304 Or 240 (1987), the employer argued that its duty to pay benefits ended when it denied the claim, pursuant to the last clause in ORS 656.262(2): " 'except when the right to compensation is denied * * *.' " In interpreting the quoted portion of the statute, we said:

> "[I]t deals only with when the duty to pay benefits *does not begin,* not with when it ends; it does not permit an employer unilaterally to terminate benefits awarded by a determination order on an accepted claim. To permit an employer to avoid the payment of benefits which have been awarded simply by denying the claim, or a portion of it, and stopping payment would defeat the objective of prompt claim processing. Employer's remedy was to challenge the determination order through the ordinary hearing process. Only if it obtained a favorable ruling, could it terminate benefits." (Emphasis in original.)

The same rationale is applicable in this case. After affirmance of the August 27, 1985, determination order, employer could have requested a hearing pursuant to ORS 656.319. Instead, it issued a denial. An employer may not circumvent the claims processing procedure simply by issuing a denial; it must follow the procedures in the Workers' Compensation Law. *Georgia Pacific v. Piwowar, supra,* 86 Or App at 85. The referee properly found employer's unilateral termination of benefits unreasonable and assessed a penalty.

■ Employer also argues that an excessive award of temporary total disability benefits might result in claimant's receiving a windfall, because the offset allowed by the statute might not permit a full recovery by employer if claimant's permanent partial disability benefits are not enough. Although that is a possibility, it is a necessary consequence of a procedure designed to insure prompt claim processing. *See Georgia Pacific v. Piwowar, supra,* 86 Or App at 85. If temporary total disability benefits previously paid exceed the award of permanent partial disability to be paid, the overpayment must be absorbed by employer. *See Boise Cascade Corp. v. Jones,* 63 Or App 194, 663 P2d 427 (1983).

Affirmed.