Argued and submitted November 3, 1987, Court of Appeals affirmed in part and reversed in part and decisions of the Workers' Compensation Board affirmed April 19, reconsideration denied June 1, 1988

In the Matter of the Compensation of
Leokadia W. Piwowar, Claimant.

GEORGIA-PACIFIC CORPORATION,
*Petitioner on Review,*

*v.*

PIWOWAR,
*Respondent on Review.*

(WCB 82-09391; 83-07720;
CA A38112; SC S34285)

753 P2d 948

George W. Goodman, McMinnville, argued the cause for petitioner on review. On the petition were Jerry K. Brown and Cummins, Cummins, Brown, Goodman & Fish, P.C., McMinnville.

Linda C. Love, of Francesconi & Associates, P.C., Portland, argued the cause and filed the response for respondent on review.

CAMPBELL, J.

## CAMPBELL, J.

The issue in this case is whether a workers' compensation insurer may cease paying the compensation awarded in a determination order pending a hearing on that order.

Leokadia Piwowar worked for the Georgia-Pacific Corporation (Georgia-Pacific), a self-insured employer. In August 1981, Piwowar reported to her employer that she strained her back during work. She was unable to work after this incident. Piwowar's workers' compensation claim form[1] lists her injury as a "sore back." Georgia-Pacific accepted the claim.[2]

By late 1982, Piwowar's condition was stationary and her claim was submitted to the Evaluations Division of the Workers' Compensation Department for closure. The Evaluations Division determined that Piwowar's injury resulted in a 40 percent permanent partial disability valued at $10,880 and Georgia-Pacific began paying the award. Piwowar requested a hearing on the extent of her disability. Georgia-Pacific did not request a hearing.

---

[1] A brief summary of the procedures for resolving workers' compensation claims may help clarify the issues in this case. When a worker presents a claim for workers' compensation, the employer's insurer must notify the claimant within 60 days that the insurer either accepts or denies the claim. The notice must also advise the claimant whether the insurer considers the injury disabling or nondisabling. ORS 656.262(6). A nondisabling injury is an injury which requires medical services only, ORS 656.005(7)(c), but a disabling injury entitles the worker to death or disability benefits. 656.005(7)(b). The claimant may request a hearing on a denial and on whether the injury is disabling. ORS 656.283.

A claim for a compensable disabling injury must be closed once the claimant's condition is medically stationary. ORS 656.268. Closing claims is usually the responsibility of the Evaluations Division of the Department of Insurance and Finance. ORS 656.268(4). (When Piwowar's claim was closed, the Evaluations Division was part of the Workers' Compensation Department. *Former* ORS 656.268, *amended by* Or Laws 1987, ch 884, § 10; OAR 436-30-005.) The Evaluations Division closes claims by issuing a determination order awarding compensation based on the extent of the claimant's permanent disability. ORS 656.268(4); OAR 436-30-010. To contest a determination order, either party may request reconsideration by the Evaluations Division, ORS 656.268(4), or request a hearing, ORS 656.283.

[2] From the record, it is difficult to ascertain the nature of the employer's acceptance. However, Georgia-Pacific has admitted throughout these proceedings that it accepted the claim as submitted, and the Court of Appeals based its decision on acceptance of a sore back claim. *Georgia-Pacific v. Piwowar,* 86 Or App 82, 85, 738 P2d 225 (1987).

After the Evaluations Division issued its determination order, Georgia-Pacific learned that Piwowar's back problems may have arisen from a disease known as ankylosing spondylitis, which was unrelated to her employment and therefore not compensable. Georgia-Pacific issued a "partial denial" of the ankylosing spondylitis condition and unilaterally terminated the permanent partial disability payments which it had been making pursuant to the determination order.

A Hearings Division referee upheld the partial denial and struck the award for permanent partial disability, finding that the noncompensable ankylosing spondylitis caused the disability.[3] He concluded that the denial did not authorize Georgia-Pacific to terminate the payments awarded in the determination order and ordered Georgia-Pacific to pay the amount due under the determination order from the date of the partial denial to the date of the hearing. The referee also assessed a penalty and attorney fees (WCB Case No. 82-09391).

Georgia-Pacific refused to pay the award in the referee's order and requested the Workers' Compensation Board (Board) to review the referee's decision. The Board first upheld the denial, but it reversed the referee's order to pay the amount due under the determination order. On reconsideration, the Board disallowed the denial and affirmed the rest of the referee's decision.

In a second hearing (WCB Case No. 83-07720), a referee found that Georgia-Pacific should have paid the amount ordered in the first hearing while the appeal of that order was pending. However, the referee did not penalize Georgia-Pacific for refusing to pay the first order pending appeal. On review of the order in the second hearing, the Board upheld the referee's decision that payment was not stayed pending appeal, but the Board assessed penalties and

---

[3] The referee treated Georgia-Pacific's denial as a cross-request for a hearing which placed the compensability of the ankylosing spondylitis at issue. Piwowar contends that the referee erred in treating the denial as a hearing request and therefore lacked authority to reduce the permanent partial disability award. However, Piwowar did not seek judicial review of the Board's order affirming the referee's conclusion that the ankylosing spondylitis is not compensable, so we need not address whether the ankylosing spondylitis is compensable and whether that issue was properly before the Board. See *Georgia-Pacific v. Piwowar*, 86 Or App 82, 85, 738 P2d 225 (1987).

attorney fees based on the amount in the first order less the penalty and attorney fees awarded in the first order.

Georgia-Pacific then sought judicial review of both decisions of the Board. The Court of Appeals applied this court's recent decision in *Johnson v. Spectra Physics,* 303 Or 49, 733 P2d 1367 (1987), and held that Georgia-Pacific properly denied the compensability of the ankylosing spondylitis condition. However, the court concluded that Georgia-Pacific's denial did not terminate its obligations under the determination order. Because it viewed Georgia-Pacific's unilateral termination of disability payments as unreasonable, the Court of Appeals upheld the Board's award of a penalty and attorney fees as well as the additional penalty for Georgia-Pacific's failure to pay the first referee's award pending appeal. *Georgia-Pacific v. Piwowar,* 86 Or App 82, 738 P2d 225 (1987).

The issues in this case are whether Georgia-Pacific was authorized to terminate the payments awarded in the determination order and whether it was proper to penalize Georgia-Pacific for failing to pay the award of the determination order and for failing to pay the referee's order from the first hearing. Although we disagree with the Court of Appeals' analysis of *Johnson,* we hold that Georgia-Pacific could not unilaterally terminate payments ordered by the Evaluations Division and that penalties and attorney fees are appropriate.

## I. FAILURE TO MAKE PAYMENTS AWARDED IN THE DETERMINATION ORDER

Georgia-Pacific contends that once it denied the compensability of the ankylosing spondylitis condition, it was no longer obligated to pay the compensation awarded for that disability. To support its contention, Georgia-Pacific relies on ORS 656.262(2), which provides:

> "The compensation due under this chapter shall be paid periodically, promptly and directly to the person entitled thereto upon the employer's receiving notice or knowledge of a claim, *except where the right to compensation is denied by the insurer or self-insured employer.*" (Emphasis added.)

The Court of Appeals held that ORS 656.262(2) does not authorize terminating payments upon denial of compensability because that provision speaks to "when the duty to

pay benefits *does not begin,* not with when it ends[.]" *Georgia-Pacific v. Piwowar, supra,* 82 Or App at 85 (emphasis in original). When the court decided that issue it did not have the benefit of our recent opinion in *Georgia-Pacific v. Hughes,* 305 Or 286, 751 P2d 775 (1988), where we stated that an insurer may, pursuant to ORS 656.262(2), suspend payments of compensation once it denies the claim. Because a valid denial would suspend Georgia-Pacific's duty to pay, we must determine whether Georgia-Pacific's denial of the compensability of the ankylosing spondylitis was valid in light of the previous acceptance of the sore back claim.

■        In the absence of fraud, misrepresentation or other illegal activity, an insurer who accepts a claim for compensation may not later deny the same claim. *Bauman v. SAIF,* 295 Or 788, 794, 670 P2d 1027 (1983). The insurer in *Bauman* specifically accepted the employee's claim for a bursitis condition and began making payments. When the claimant sought to reopen his claim to secure compensation for additional medical treatment, the insurer attempted to deny the compensability of the initial injury. This court reasoned that allowing the insurer to deny a previously-accepted claim would "encourage degrees of instability in the workers' compensation system that we do not believe the statute contemplates[,]" and the potential for delayed litigation would frustrate the statutory scheme's provision for "a speedy resolution of workers' compensation claims." 295 Or at 794.

Application of the *Bauman* rule was refined in *Johnson v. Spectra Physics,* 303 Or 49, 733 P2d 1367 (1987). In *Johnson* the claim form listed the nature of claimant's injury as a "back injury" located in the "middle back and arm." The insurer accepted the claim on the same form. A physical examination revealed that the claimant suffered from a back injury and carpal tunnel syndrome, which is a wrist affliction. The insurer then notified the claimant that her claim for carpal tunnel syndrome was denied. 303 Or at 52-53.

■        *Johnson* began its analysis by noting that the *Bauman* rule "applies only to a claim 'specifically' or 'officially' accepted by the insurer." 303 Or at 55. Acceptance and denial is governed by ORS 656.262(6), which provides in relevant part:

"Written notice of acceptance or denial of the claim shall

be furnished to the claimant by the insurer or self-insured employer within 60 days after the employer has notice or knowledge of the claim.* * *"

When the notice of acceptance issued pursuant to ORS 656.262(6) is silent regarding a condition or injury which is part of a single claim, this silence cannot be construed as acceptance of the condition, because "[i]f an insurer specifically accepts in writing only one of several conditions or injuries encompassed by a single claim, the insurer has not 'specifically' or 'officially' accepted the other conditions allegedly related to the accepted part of the claim." 303 Or at 56. The scope of the insurer's acceptance in *Johnson* was limited to the back injury because the carpal tunnel syndrome was a separate condition not specified in the acceptance notice. *Id.*

After concluding that the insurer's silence did not constitute acceptance of the carpal tunnel syndrome, the opinion examined the validity of the insurer's partial denial. In upholding the partial denial,[4] we stated that a partial denial is appropriate if the insurer specifies which conditions it accepts and which it denies, and "that specificity, which promotes timely closure of accepted conditions and prompt appeals of denied conditions, is the essence of a partial denial." *Id.*

■■ Relying on *Johnson,* the Court of Appeals held that Georgia-Pacific's acceptance of the claim for a "sore back" did not cover the ankylosing spondylitis condition and Georgia-Pacific could subsequently deny the compensability of the condition. Apparently the court reasoned that accepting a claim for a sore back was not sufficiently specific to constitute acceptance of the compensability of the ankylosing spondylitis. *Georgia-Pacific v. Piwowar, supra,* 86 Or App at 85.[5]

---

[4] Because the insurer's denial came more than 60 days after the claim, the court recognized that the insurer may be subject to a penalty pursuant to ORS 656.262(10). *Johnson v. Spectra Physics,* 303 Or 49, 58-59, 733 P2d 1367 (1987).

[5]

"Although acceptance of a 'sore back' claim could be read as acceptance of any condition causing the soreness, under *Johnson,* as we understand it, unless the specific condition is part of the accepted claim, denial of a specific condition is not precluded by *Bauman." Georgia-Pacific v. Piwowar,* 86 Or App 82, 85, 738 P2d 225 (1987).

Contrary to the Court of Appeals reading of *Johnson,* acceptance need not meet any degree of specificity. The case holds only that the scope of acceptance corresponds to the condition specified in the acceptance notice, which was a "back injury" in that case. Here we face the question of whether an acceptance of a claim for a condition includes acceptance of the compensability of the disease causing that condition.

*Bauman* holds that once an insurer accepts a claim, it must compensate for that claim. Whether the claim in fact arose from a noncompensable cause is irrelevant. 295 Or at 794. *Johnson* upholds a partial denial made after an acceptance where a single claim encompasses two *separate conditions.* That decision rests on the acceptance of a claim for a condition or injury; that is, acceptance of the compensability of symptoms, not the medical cause of those symptoms, because in *Johnson,* the court recognized that the two separate injuries arose from the same work-related cause. 303 Or at 56-57.

Read together, *Johnson* and *Bauman* require the employer to compensate the claimant for the specific condition in the notice of acceptance regardless of the cause of that condition. If, for example, Georgia-Pacific accepted a claim for "lumbosacral strain," which was one of the original diagnoses of claimant's condition, that acceptance would not include the ankylosing spondylitis, since those are two separate infirmities (unless of course one is merely a symptom of the other). Under the logic of the Court of Appeals' rule that "unless the specific condition is part of the accepted claim, denial of a specific condition is not precluded by *Bauman*[,]" an insurer could avoid the *Bauman* rule and litigate compensability in any case in which the accepted condition may be attributed to a more specific cause.

Allowing an insurer to deny compensation for a previously-accepted condition once it learns that the condition is attributable to a specific noncompensable disease opens the door to instability, uncertainty and delay. This is precisely the kind of vacillation which this court found unacceptable in *Bauman,* 295 Or at 793-794.

Here, Georgia-Pacific accepted a claim for a sore back, which was merely a symptom of an underlying disease, not a separate condition. Therefore, Georgia-Pacific could not

deny the compensability of the condition regardless of the cause. Accordingly, we hold that Georgia-Pacific could not properly deny the compensability of the ankylosing spondylitis. Because the denial was invalid, ORS 656.262(2) is not authority for suspending the payments ordered in the determination order.

Georgia-Pacific also relies on ORS 656.313 as authority for terminating compensation payments awarded in a determination order pending a hearing on the order. ORS 656.313 provides in relevant part:

> "(1)  Filing by an employer or the insurer of a request for review or court appeal shall not stay payment of compensation to a claimant.

> "(2)  If the board or court subsequently orders that compensation to the claimant should not have been allowed or should have been awarded in a lesser amount than awarded, the claimant shall not be obligated to repay any such compensation which was paid pending the review or appeal.

> "* * * * *

> "(4)  Notwithstanding ORS 656.005, for the purpose of this section, 'compensation' means benefits payable pursuant to the provisions of ORS 656.204 to 656.208 [death and permanent total disability], 656.210 [temporary total disability] and 656.214 [permanent partial disability] and does not include the payment of medical services."

Adopting language in the first order of the Workers' Compensation Board, Georgia-Pacific asserts that "no statute requires that an award made by the Evaluation Division in a Determination Order be paid pending a requested hearing on that Determination Order." Georgia-Pacific claims that because ORS 656.313 provides that requests for "review or court appeal" shall not stay payments of compensation, the legislature intended to exclude hearings regarding determination orders from proceedings for which payments are not stayed, since hearings are not reviews or court appeals. To support its argument that the legislature intended to make such a distinction, Georgia-Pacific compares the *ex parte* nature of proceedings in the Evaluations Division and the

inexperience of Evaluations Division officials to the litigation setting of a hearing or Board review.[6]

We find this argument untenable for two reasons. First, ORS 656.262(4) provides:

"The first instalment of compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim. *Thereafter, compensation shall be paid at least once each two weeks,* except where the director determines that payment in instalments should be made at some other interval.\* \* \*" (Emphasis added.)

OAR 436-60-150(5)(a) provides in relevant part:

"Timely payment of permanent disability benefit has been made when paid no later than the 30th day after:

"(a)   Date of determination order by the Workers' Compensation Department[.]\* \* \*"

These provisions, read in combination with ORS 656.262(2), previously quoted, provide for continuous compensation payments, ceasing only when the claim is denied or an order modifies or extinguishes the duty to pay. *See Georgia-Pacific v. Hughes, supra,* 305 Or at 293. This interpretation necessarily requires that compensation awarded in a determination order be paid pending a hearing on the extent of disability.

The second reason for rejecting the conclusions of the Board, as adopted by Georgia-Pacific, is found in *SAIF v. Maddox,* 295 Or 448, 667 P2d 529 (1983). *Maddox* addresses whether the Evaluations Division has jurisdiction to determine the extent of a claimant's disability before the issue of compensability is determined on appeal. *Former* ORS 656.313[7] was controlling. *Maddox* holds that

"[ORS 656.313(4)] clarifies the intent of the legislature to include within the 'compensation' that shall not be stayed under subsection (1) *awards determining the extent of disability.* By providing that *payment of disability in any degree shall not be stayed,* the legislature must have necessarily

---

[6] Georgia-Pacific's characterization of determination orders as the product of an *ex parte* proceeding rendered by administrators who are not familiar with the law tends to assume facts which are not of record.

[7] At the time, ORS 656.313(1) provided: "Filing by an employer or the State Accident Insurance Fund Corporation of a request for review or court appeal shall not stay payment of compensation to a claimant."

intended that a determination of extent of disability would not be stayed pending an appeal of compensability, for that would effectively defeat the purpose of subsection (1)." 295 Or at 454 (emphasis added).[8]

A determination order is clearly an "award determining the extent of disability." *Maddox* did not limit its holding to cases in which the insurer appeals, nor is the quoted language limited to awards pending Board review or court appeal. Implicit in this reasoning is the conclusion that payments awarded in a determination order must continue until a referee or appellate body orders otherwise.

■ According to Georgia-Pacific, interpreting the workers' compensation statutes in a manner which forbids the insurer from denying the compensability of a condition then withholding compensation for that condition leads to an absurd result when, as in this case, new evidence indicates that the disabling condition is not compensable. The claimant's hearing request extinguished the jurisdiction of the Evaluations Division to reconsider its decision. ORS 656.268(4). Georgia-Pacific claims that without reconsideration, the insurer is left with no effective procedure for contesting compensability. However, compensability was no longer an issue when the claim was turned over to the Evaluations Division, because Georgia-Pacific had already accepted the claim. *Bauman v. SAIF, supra,* 295 Or at 794. If Georgia-Pacific wished to contest other aspects of the determination order, it could request a hearing. ORS 656.283(1).

The crux of Georgia-Pacific's argument is that unless it may suspend payments prior to a hearing, it will be forced to pay the entire award before a hearing is held even if it pays the award in installments as authorized in ORS 656.216(1). Any

---

[8] Part of the *Maddox* holding was overruled in *Southwest Forest Industries v. Anders,* 299 Or 205, 701 P2d 432 (1985). *Maddox* held that ORS chapter 19 never applies to appeals of Workers' Compensation Board decisions, and therefore ORS 656.313 alone governs appellate procedure. *SAIF v. Maddox,* 295 Or 448, 452-453, 667 P2d 529 (1983). *Anders* held that chapter 19 may apply to appeals from administrative decisions. 299 Or at 210-211. Even though the first step in the *Maddox* analysis was overruled in *Anders,* the *Maddox* interpretation of ORS 656.313 is still viable precedent because *Anders* held only that the statement in *Maddox* that chapter 19 never applies was too broad. 295 Or at 210. *Anders* did not hold that *Maddox* improperly rejected applying chapter 19 in favor of applying ORS 656.313, and therefore interpreting ORS 656.313 was a necessary part of the *Maddox* holding.

result which precludes effective review of determination orders, it argues, is ridiculous.

We are not persuaded that such a result indicates that the legislature contemplated a procedure other than paying the award of the determination order pending a hearing. The 1987 legislature amended the hearings provision to require that hearings be held within 90 days of a request, ORS 656.283(4) (*amended by* Or Laws 1987, ch 884, § 11), which indicates the legislature's recognition that following proper procedures may have resulted in delayed hearings.

Contrary to the argument of Georgia-Pacific, neither ORS 656.262(2) nor ORS 656.313 authorized Georgia-Pacific to terminate payments of compensation awarded in the determination order. Because Georgia-Pacific offers no other authority for terminating payments, we hold that it was required to continue paying as ordered.

## II. PENALTIES AND ATTORNEY FEES

Two separate hearings were held in this case. One addressed the determination order and another addressed Georgia-Pacific's refusal to obey the order in the first hearing. Each hearing resulted in an independent award of penalties and attorney fees.

Penalties are authorized in ORS 656.262(10), which provides:

> "If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

ORS 656.382(1) provides in relevant part:

> "If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section.* * *"

In the first hearing (WCB Case No. 82-09391), the referee penalized Georgia-Pacific for refusing to pay the

amount of the determination order award which was due at the time of the hearing. Georgia-Pacific appealed this order to the Board and made no payments pending resolution of the appeal. The Board first reversed the referee's assessment of penalties, but on reconsideration, the Board affirmed the award of penalties and attorney fees.

Piwowar requested a second hearing (WCB Case No. 83-07720) to address the issue of Georgia-Pacific's obligation to pay the amount awarded in the first hearing. The referee in the second hearing concluded that the amount due under the first referee's order was compensation for the purposes of ORS 656.313 and therefore payments under that order were not stayed pending the appeal of that order. The second referee did not assess penalties for Georgia-Pacific's failure to pay the first referee's order. However, on review the Board awarded attorney fees and imposed a penalty based on the amount of the first referee's order less the amount of the penalty assessed by the first referee.

The Court of Appeals found that Georgia-Pacific acted unreasonably in refusing to pay in both instances, and the court upheld both awards of penalties and attorney fees. 86 Or App at 85-86.

Georgia-Pacific justifies its refusal to pay under the determination order on the grounds that it acted upon a good faith interpretation of existing law and therefore its refusal to pay the determination order award was not unreasonable. The Court of Appeals found that Georgia-Pacific acted unreasonably even after that court erroneously upheld Georgia-Pacific's denial. We conclude that the record supports the finding of the Court of Appeals.

In response to the second award of a penalty and attorney fees, Georgia-Pacific contends that the payment ordered by the first referee was not compensation for the purposes of ORS 656.313 because that referee found that the claim was not compensable. Georgia-Pacific reasons that if the award was not compensation, ORS 656.313 does not apply and payments ordered by the first referee were stayed pending appeal. Since those payments were not "then due," penalties were inappropriate, according to Georgia-Pacific.

■ The determination order awarded payment for a disability, which constitutes compensation under ORS 656.313(4). Regardless of the ultimate determination of compensability, the first referee ordered payment of compensation which was not stayed pending appeal of that order. *Georgia-Pacific Corporation v. Hughes, supra,* 305 Or at 293-294. We therefore agree that penalties and attorney fees are appropriate.

The decision of the Court of Appeals is affirmed in part and reversed in part. The decision of the Workers' Compensation Board on reconsideration in WCB Case No. 82-09391 is affirmed. The decision of the Workers' Compensation Board in WCB Case No. 83-07720 is affirmed.