Argued and submitted May 18, 1992, reversed and remanded for reconsideration February 3, 1993

In the Matter of the Compensation of
James A. Rouse, Claimant.

James A. ROUSE,
*Petitioner,*

*v.*

FMC CORP. MARINE-RAIL,
*Respondent.*

(89-25719; CA A72479)

846 P2d 429

Douglas D. Hagen, Portland, argued the cause and filed the brief for petitioner.

Karen O'Kasey, Portland, argued the cause for respondent. With her on the brief was Schwabe, Williamson & Wyatt, Portland.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks review of a Workers' Compensation Board order that held that employer had not accepted claimant's personality disorder as a compensable condition. We reverse.

While working for employer in 1979, claimant sustained a compensable injury to his right knee. He had surgery and returned to work. Determination orders issued in 1980 and 1981 awarding him temporary total disability (TTD) and permanent partial disability (PPD). In early 1982, claimant was examined by several doctors who, in addition to diagnosing orthopedic disorders, also diagnosed depression, a conversion disorder and a pain disorder, all of which were related to his compensable injury. Another determination order of October 1982, awarded no additional PPD. In response to the 1982 medical reports, employer filed Form 1502 with the Department of Insurance and Finance stating, "Accepting as non-disabling aggravation — psychiatric problems." On November 3, employer sent claimant's attorney a letter informing him that it had processed Form 1502 and had accepted claimant's "psychiatric treatment."[1] The 1981 determination order was then set aside, and employer reclassified the aggravation claim as disabling.

Claimant received psychiatric treatment from Dr. Watkins from December 1982, to August 1983, and employer paid for those treatments. Watkins diagnosed a dysthymic disorder and a mixed personality disorder, the latter of which was not related to claimant's compensable condition.[2]

In June 1983, claimant injured his right foot after his knee gave out on some stairs. The injury was accepted as an aggravation of the 1979 injury. A determination order issued in February 1985, awarding TTD and additional PPD. In 1988, claimant was admitted to a hospital for withdrawal from narcotics. He informed a doctor at a methadone center

---

[1] The filing of a Form 1502 does not constitute notification to a claimant about the status of the claim. *EBI Ins. Co. v. CNA Insurance*, 95 Or App 448, 450, 769 P2d 789 (1989). Employer's letter referring to the form gave notice to claimant that his aggravation claim had been accepted.

[2] Claimant does not argue that the pre-existing personality disorder was caused or worsened by the compensable injury.

that he had been using heroin since 1980. The parties do not dispute that the major contributing cause of the drug relapse was claimant's personality disorder. A determination order of September 5, 1989, awarded claimant TTD, but no additional PPD.

Claimant sought a hearing on the September, 1989, determination order, contending that he was permanently and totally disabled as a result of the injuries and his psychiatric condition. The referee held that claimant was not entitled to PTD or to additional PPD. Claimant appealed to the Board, arguing that his claim had been prematurely closed, because his doctors continued to recommend psychiatric and drug dependency treatment and employer had accepted the preexisting personality disorder when it accepted his "psychiatric problems." The Board affirmed, holding that employer had not previously accepted his personality disorder. It concluded that claimant's work injury did not materially contribute[3] to his relapse into drug addiction and that claimant had failed to establish his entitlement to PTD or to additional PPD.

On review, claimant argues that his claim was prematurely closed and that the Board erred in not considering his personality disorder in deciding whether he was medically stationary at the time of claim closure. He contends that employer accepted his personality disorder in 1982 by accepting his "psychiatric problems."

In holding that employer did not accept claimant's personality disorder when it accepted his "psychiatric problems," the Board said:

> "Here, claimant had several diagnosed psychiatric disorders when the employer accepted claimant's psychiatric problems. * * * Because there was more than one psychiatric disorder, we cannot determine that the underlying personality disorder was specifically accepted. *See Johnson v. Spectra Physics*, 303 Or 49[, 733 P2d 1367] (1987). *See also Kenneth L. Orr*, 43 Van Natta 1432 (1991).

---

[3] Because the Board was applying pre-1990 law, the standard for demonstrating compensability was material contributing cause. *See Hicks v. Spectra Physics,* 117 Or App 293, 843 P2d 1009 (1992).

"Because we do not find that the employer specifically accepted the personality disorder, we do not consider this condition in determining whether claimant was psychiatrically medically stationary at claim closure."

*Georgia-Pacific v. Piwowar*, 305 Or 494, 753 P2d 948 (1988), involved a similar issue. In *Piwowar*, the employer accepted the claimant's claim for a "sore back." It then denied the compensability of the disease that had caused the condition. The Supreme Court held that, when the employer accepted the claim for a sore back, its acceptance was broad enough to include any possible cause of that condition. Therefore, it had accepted the compensability of the disease. 305 Or at 501. The court held that an employer cannot escape liability for an accepted condition by merely pointing to a more specific diagnosis for the condition. An employer is held to have accepted the "specific condition in the notice of acceptance regardless of the cause of that condition." 305 Or at 501.

The issue here is what employer accepted. Employer argues that its acceptance of claimant's aggravation claim was not specific enough to encompass the personality disorder. It reasons:

"[E]mployer in this case did not accept *symptoms*. It accepted a *need* for psychiatric treatment that, according to the medical reports, was needed for depression related to the industrial injury." (Emphasis supplied.)

Although it is true that an employer can accept a "need" for medical treatment, such as surgery for a knee, which will not result in acceptance of the condition, the employer must specify that it is only authorizing medical expenses for that specific treatment. As the Board found, employer here did not so limit its acceptance. The Board found that employer had accepted claimant's "psychiatric problems." That is a finding of fact, *see Stevenson v. Blue Cross of Oregon*, 108 Or App 247, 250, 814 P2d 185 (1991), and employer does not challenge it.

We conclude that, like the "sore back" in *Piwowar*, employer's acceptance of claimant's "psychiatric problems" was not limited to a specific diagnosis, such as dysthymic disorder. By not including an adequate degree of specificity in its acceptance, employer accepted all the possible causes of

claimant's psychiatric problems, including the personality disorder.

Because the Board did not consider the personality disorder in determining when claimant became medically stationary, claim closure was premature. We remand for reconsideration.[4]

Reversed and remanded for reconsideration.

---

[4] Because of our disposition of this issue, we do not reach claimant's additional arguments.