Argued and submitted February 3, 1993, affirmed July 27, 1994

In the Matter of the Compensation of
William R. Denny, Claimant.

William R. DENNY,
*Petitioner,*

*v.*

McKENNEY CRANE
and Liberty Northwest Insurance Corporation,
*Respondents.*

(91-03414; CA A75326)

878 P2d 1117

Robert Wollheim argued the cause for petitioner. With him on the brief was Welch, Bruun & Green.

James D. McVittie argued the cause and filed the brief for respondents.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

HASELTON, J.

* Haselton, J., *vice* Durham, J.

**HASELTON, J.**

Claimant seeks review of an order of the Workers' Compensation Board denying compensability of his current condition and denying his aggravation claim. We affirm.

The facts, as found by the Board, are undisputed. Claimant sustained a compensable head injury on March 19, 1990, when he accidentally walked into a steel crane while at work at McKenney Crane (employer). Claimant returned to work 11 days after he was injured, but experienced severe daily headaches for several weeks. Although the headaches became less severe, claimant continued to have headaches and persistent pain in his neck and shoulders. In May 1990, employer closed claimant's claim, awarding temporary disability benefits but no permanent partial disability benefits. In August 1990, employer laid claimant off.

In September 1990, claimant went to work for Specialty Truck Parts. His headaches and neck and shoulder pain not only persisted, but gradually worsened and, by December, 1990, had become intermittently severe. In addition, claimant had begun experiencing lower extremity pain. On December 31, 1990, after he was restricted to light work at Specialty Truck Parts following an on-the-job lifting incident, claimant gave employer notice of that incident and the resulting restrictions. Employer construed that notice as signalling claimant's intent to reopen his claim.

In February 1991, an independent medical examination determined that, since at least 1988, before claimant's March 1990 injury, claimant had suffered from Scheuermann's Disease,[1] which causes abnormal spinal curvature. The resultant postural abnormalities led, in turn, to low back and neck pain. Because of that diagnosis, in March 1991, employer's carrier denied compensability of claimant's current condition and further denied claimant's aggravation claim.

---

[1] Scheuermann's Disease, or osteochondrosis, is a juvenile onset disease, which begins as degeneration followed by regeneration. *Dorland's Illustrated Medical Dictionary*, 462, 1105 (25th ed 1974).

It is undisputed that claimant's Scheuermann's Disease was asymptomatic until the March 19, 1990, accident.

The referee set aside employer's denial of compensability and upheld the aggravation denial. The Board reversed the referee on compensability of claimant's current condition and affirmed on the denial of aggravation. In particular, it held that claimant's Scheuermann's Disease was a preexisting disease and that claimant had failed to prove under ORS 656.005(7)(a)(B) that his March 19, 1990, compensable injury was the major contributing cause of his current need for treatment.

Claimant challenges the Board's determination on the compensability of his current condition on three grounds. First, relying on *Georgia-Pacific v. Piwowar*, 305 Or 494, 501, 753 P2d 948 (1988), he contends that, because his current claim was based on the same condition employer previously accepted, employer cannot deny treatment for the current condition. Second, he argues that the Board erred in applying the major contributing cause standard, rather than the material contributing cause test in determining compensability of his current condition. Third, he argues that the Board erred in finding his Scheuermann's Disease a preexisting condition and not a predisposition.

■ Claimant's reading of *Georgia-Pacific v. Piwowar, supra*, is overbroad. In *Piwowar*, the Supreme Court held that by accepting a "sore back" claim, the employer had accepted the compensability of the condition that had caused the sore back, although that condition was not discovered until after the claim had been accepted. The court concluded that, because Georgia-Pacific had accepted a claim for a symptom of an underlying disease, and not a separate condition, Georgia-Pacific had accepted the compensability of the underlying condition. 305 Or at 501-02. In this case, unlike in *Piwowar*, employer did not accept a claim for headaches, a symptom of claimant's Scheuermann's Disease. Rather, employer's acceptance was limited to the injury indicated on claimant's compensation claim Form 801, a "laceration."[2] "The scope of acceptance corresponds to the condition specified in the acceptance notice * * *." *Georgia-Pacific v.*

---

[2] Here, as in *Georgia-Pacific v. Piwowar, supra*, it is difficult to pinpoint employer's acceptance. However, employer acknowledged throughout these proceedings and at oral argument that it had accepted claimant's claim as specified in his Form 801.

*Piwowar, supra,* 305 Or at 501. Because claimant's headaches were not accepted, his *Piwowar*-based argument fails.

Claimant next contends that the Board erred in applying the major contributing cause test in determining the compensability of his current condition. He argues, relying on *Albany General Hospital v. Gasperino,* 113 Or App 411, 833 P2d 1292 (1992), that under ORS 656.005(7)(a) the material contributing cause test applies. ORS 656.005(7)(a) provides:

"A 'compensable injury' is an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"(A)   No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition.

"(B)   If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment."

In *Albany General Hospital v. Gasperino, supra,* we discussed the limitation in subparagraph (A) and found that, because the claimant's condition was directly caused by the industrial accident, and was not a consequence of the compensable injury, subparagraph (A) was inapplicable. Consequently, the major contributing cause standard was inapposite, and the material contributing cause standard controlled.

■     In this case, the inquiry focuses on subparagraph (B), not (A). The carrier argued, and the Board agreed, that because claimant's Scheuermann's Disease was a preexisting condition, the major contributing cause standard in subparagraph (B) applied to determine the compensability of claimant's current condition. The Board further found that claimant's Scheuermann's Disease, and not his compensable injury, was the major contributing cause of his current condition. That determination accords with substantial evidence.

■ Claimant attempts to avoid this conclusion by asserting that because his Scheuermann's Disease is a mere "predisposition," and not a preexisting condition, subparagraph (B) does not apply. Claimant's putative distinction between a "predisposition" and "preexisting condition" is unclear. In any event, whether claimant's Scheuermann's Disease is a preexisting condition is a complex medical question requiring medical testimony. *See Uris v. Compensation Dept.*, 247 Or 420, 424, 427 P2d 753, 430 P2d 861 (1967); *Kassahn v. Publishers Paper Co.*, 76 Or App 105, 109, 708 P2d 626 (1985), *rev den* 300 Or 546 (1986). Here, the Board found that "[s]ince at least 1988, claimant has had abnormal curvature of the thoracic spine" consistent with Scheuermann's Disease. Because substantial evidence, including x-rays, supports that finding, we affirm the Board's conclusion that claimant's Scheuermann's Disease is a preexisiting condition.

■ Finally, claimant argues that the Board erred in affirming the denial of his aggravation claim. We disagree. The Board's determination that claimant had failed to prove a worsening of his condition is supported by substantial evidence in the record. *See* ORS 183.482(8); ORS 656.273(1).

Affirmed.