Argued and submitted April 28, reversed and remanded for reconsideration June 28, 1995

In the Matter of the Compensation of
John Q. Emmert, Claimant.

John Q. EMMERT,
*Petitioner,*

*v.*

CITY OF KLAMATH FALLS
and SAIF Corporation,
*Respondents.*

(WCB 91-14932, 91-07717; CA A84563)

897 P2d 348

James L. Edmunson argued the cause and filed the brief for petitioner.

Michael O. Whitty, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board, which upheld employer's denial of claimant's coronary artery disease, arrhythmia condition and hypertension. We reverse.

Claimant was employed by employer as a firefighter. In 1981, he was performing work duties when he suffered chest pain. He filed a claim for "severe chest pains." The next day he was hospitalized, where he was diagnosed with acute myocardial infarction. Three months later, a cardiologist reported that the infarction was caused in material part by work-related stress superimposed on a preexisting coronary artery disease. Two weeks after the cardiologist's report, employer sent claimant a notice of claim acceptance in which it accepted the claim as disabling. The notice did not indicate what specific condition was accepted; it used codes to classify the injury. The codes stood for "unclassified" and "chest, including ribs, breast bone, and internal organs of the chest." There is no evidence that claimant was informed of the meaning of the codes.

Claimant returned to work and worked until August 1988. In 1989, his chest pain worsened. By 1991, he suffered from the conditions for which he now seeks compensation. Employer denied claims for coronary artery disease, vascular disease, arrythmia, hypertension and related problems, on the ground that the 1981 injury was not the major contributing cause of the conditions.

The referee and then the Board affirmed. The Board found that employer had accepted myocardial infarction in 1981 and had not accepted coronary artery disease, which was the cause of claimant's current condition. It also found that claimant's current condition was not sufficiently related to the myocardial infarction to be compensable. Finally, it concluded that the condition was not compensable as an occupational disease.

Claimant challenges each of the Board's conclusions. Only the first challenge, that the Board erred in concluding that employer did not accept claimant's coronary artery disease in 1981, merits discussion. In *Bauman v. SAIF*, 295 Or 788, 670 P2d 1027 (1983), the Supreme Court held that, once

an employer accepts a claim, it generally may not thereafter deny that claim. Claimant argues that employer's denial in this case is an improper back-up denial under *Bauman*, because employer accepted a claim for coronary artery disease in 1981. Claimant relies on *Georgia Pacific v. Piwowar*, 305 Or 494, 753 P2d 948 (1988), in which the court held that, if an employer accepts a claim for symptoms, that acceptance encompasses the causes of the symptoms, and the employer may not go back and deny the conditions that cause the symptoms. Claimant argues that, here, employer accepted symptoms, severe chest pain, and that one of the causes of the pain was coronary artery disease. Therefore, according to claimant, employer accepted coronary artery disease. Employer responds that *Georgia Pacific* does not apply, because employer accepted myocardial infarction, which is a different condition than coronary artery disease.

■ We conclude that employer accepted severe chest pain. The notice of acceptance in this case did not specify that a particular *condition* was accepted. Instead, it notified claimant that his *claim* had been accepted. His claim was for "severe chest pains." The codes that were used on the form did not limit that acceptance in any way; they merely specified a certain area of the body where the injury had occurred. Therefore, the notice of acceptance must be read as constituting an acceptance of the claim as filed, which was for severe chest pain.

■ When an employer accepts a claim for symptoms of a disease or injury, the acceptance constitutes an acceptance of the medical cause or causes of the symptoms. *Georgia Pacific*, 305 Or at 501. In this case, therefore, employer accepted the condition or conditions that caused the severe chest pain. In its order, the Board did not make a determination about what caused claimant's severe chest pain. On remand, the Board should make that determination.

Reversed and remanded for reconsideration.