Argued and submitted January 20, reversed and remanded April 5, reconsideration
denied June 16, petition for review denied July 13, 1989 (308 Or 184)

In the Matter of the Compensation of
Bryan D. Warrilow, Claimant.

## WEYERHAEUSER COMPANY,
*Petitioner,*

*v.*

## WARRILOW,
*Respondent.*

(WCB 86-09029; CA A49099)

771 P2d 295

Ridgway K. Foley, Portland, argued the cause for petitioner. On the brief were Mildred J. Carmack, William H. Replogle and Schwabe, Williamson & Wyatt, Portland.

J. Michael Casey, Portland, argued the cause for respondent. With him on the brief was Doblie & Associates, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Employer seeks review of an order of the Workers' Compensation Board setting aside as inappropriate a partial denial of a claim for a work-related injury. We reverse and remand.

Claimant fell at work. The next day he sought chiropractic treatment for neck, shoulder, mid-back and left ankle pain. An x-ray revealed that he had mild degenerative changes in the cervical area with mild osteophytic spurring. He filed a claim, describing the injury as involving the ankle, neck and left shoulder. Employer first deferred acceptance of the claim. More than 60 days after the injury, it wrote a letter to claimant, stating:

> "We hereby accept that you did suffer an accident while engaged in your work activities * * *. We will be responsible for any treatment related to the effects of this incident. We are going ahead and processing for payment of the medical bills to date.

> "The x-rays taken at Mt. Hood Medical Center showed mild degenerative changes with mild osteophytic spurring. Currently we have no medical evidence that these changes are related to your current condition or to your accident * * *. Because these are not related to your injury, we must specifically deny responsibility for them.

> "This is a partial denial only, and does not affect the accepted portion of your claim. Again, we have paid the current medical bills, and will cover treatment related to the incident * * *."

Claimant requested a hearing, contesting the propriety of the denial.

The referee, in a statement at the hearing which he incorporated by reference in the written opinion, held that the denial was premature, because there was no evidence that claimant was contending that the degenerative condition was compensable, either by obtaining treatment or requesting payment of medical bills. At oral argument here, claimant relied in part on that rationale. We agree with employer that such a rule could put the employer in a precarious position. For example, in *Georgia-Pacific v. Piwowar*, 305 Or 494, 753 P2d 948 (1988), the claim was for a "sore back." The employer accepted it, and the medical evidence later showed that the sore back was the result of a noncompensable degenerative

condition. The employer then attempted to deny the degenerative condition, but the Supreme Court held that the employer's acceptance of the sore back claim encompassed all conditions that caused the sore back, including the noncompensable degenerative condition.

Here, employer's early denial of the degenerative cervical condition is intended to protect it from later finding itself in the position in which Georgia-Pacific found itself in *Piwowar*. To refuse to allow the partial denial would require the employer either to accept the claim and risk the result in *Piwowar*, or neither to accept nor deny the claim until all of the possible medical evidence concerning the cause of the condition is available, at which time the employer may be subject to a penalty for a late acceptance or denial. ORS 656.262(10). We reject the referee's rationale as a basis for setting aside the denial.

The Board affirmed the referee, but for a different reason. It set aside the denial on the ground that it did not satisfy the requirements of *Johnson v. Spectra Physics*, 303 Or 49, 733 P2d 1367 (1987), concerning what constitutes a partial denial. The Board quoted from that case:

> "The insurer may partially deny a claim if it specifies which injuries or conditions it accepts and which it denies. That specificity, which promotes timely closure of accepted conditions and prompt appeals of denied conditions, is the essence of a partial denial." 303 Or at 58.

It ruled that Weyerhaeuser's letter was not adequate, because it was not preceded by or contemporaneous with an acceptance of the claim and, therefore, did not specify what portion of the claim was accepted and what portion was denied.

We agree with the Board that the letter is vague as to what Weyerhaeuser has accepted, if anything. It expressly "accepts" all conditions "related to" the accident, but does not specify what those conditions are; it would appear to leave Weyerhaeuser the option later to deny other conditions not specifically accepted on the ground that they are not related to the accident.

Despite its vagueness as to what it accepts, the letter is specific as to what it denies. "[W]e have no evidence that [mild degenerative changes with mild osteophytic spurring]

are related to your current condition or to your accident * * *. * * * [W]e must specifically deny responsibility for them." At a minimum, the letter constitutes a partial denial of the claim to the extent that it might be interpreted as seeking benefits for the degenerative cervical condition. We do not understand the language quoted from *Johnson v. Spectra Physics, supra,* to require that an employer be permitted to deny a portion of a claim only after or when it has accepted a portion of the claim. The significance of that language in context is that, if an employer denies a portion of a claim, it must do so with specificity.

Employer's partial denial protects it from the possibility that the degenerative condition, although perhaps not compensable itself, might later be determined to be encompassed in an acceptance of the claim involving claimant's ankle, neck and left shoulder injury. The partial denial does not, on the other hand, prevent claimant from later showing that the degenerative condition has been worsened or accelerated as a result of the injury. We know of no reason why an employer should not be permitted to deny the compensability of a condition that it reasonably interprets to be encompassed in a claim and which it believes to be noncompensable. Employer's letter specifies clearly the condition that it denies. That is sufficient to meet the requirement of *Johnson v. Spectra Physics, supra.*

Because the only issue that is involved here is the *propriety* of the partial denial, our decision that it is permissible does not mean that the denial is sustained on the merits. That question may be resolved at the appropriate time.

Reversed and remanded.