Argued and submitted October 9, reversed and remanded for reconsideration November 22, 1989

In the Matter of the Compensation of
Tony Mullins, Claimant.

BEAR SPRINGS FOREST PRODUCTS et al,
*Petitioners,*

*v.*

MULLINS,
*Respondent.*

(86-04114; CA A50688)

782 P2d 453

Craig A. Staples, Portland, argued the cause for petitioners. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Daniel C. Lorenz, Portland, argued the cause for respondent. With him on the brief was Des Connall & Dan Lorenz, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Employer seeks review of the Workers' Compensation Board's order setting aside its denial of a claim on the ground that it was an improper partial denial.

Claimant injured his knee on the job and filed a claim. Employer responded:

"You filed a claim for workers' compensation benefits related to an injury sustained to your right knee. Your claim was originally placed into a deferred status, and time loss benefits were paid.

"At this time, I have had an opportunity to review the medical information currently available to me. Based on the current medical information, it does appear that your current condition relates primarily to your preceding injury and surgeries. The medical information indicates that your recent twisting injury merely caused a temporary aggravation of your problem, rather than a material worsening to your underlying condition. Based on this information, we are unable to accept your claim for workers' compensation benefits, as it is felt that your primary need for treatment is related to your pre-existing condition. Therefore, without waiving further questions of compensability, this formal denial of the above-referenced claim is made."

Claimant requested a hearing. Employer then conceded that a portion of the claim, *i.e.,* a "contusion," might be compensable but continued to deny responsibility for all of claimant's knee condition, on the ground that his disability is caused by a preexisting condition.

The Board held that employer's letter was a partial denial that failed to comply with the requirements stated in its opinion in *Bryan D. Warrilow,* 40 Van Natta 521 (1988), that a partial denial be preceded or accompanied by an acceptance. We reversed that decision in *Weyerhaeuser Co. v. Warrilow,* 96 Or App 34, 771 P2d 295, *rev den* 308 Or 184 (1989), holding that a partial denial is legally sufficient if it is clear what portion of the claim is denied.

Admittedly, the wording of employer's denial suggests that a portion of claimant's condition may be compensable: "[Y]our recent twisting injury merely caused a temporary aggravation of your problem." However, there is no doubt, and claimant concedes, that employer's letter denied the claim *in*

*toto;* therefore, the Board's reliance on its opinion in *Warrilow,* even if that decision had been correct, is misplaced. There is no procedural reason why the denial itself was improper. Employer's later concession at the hearing that a portion of the claim may be compensable does not invalidate the earlier denial on the procedural basis on which the Board relied. We remand the case for reconsideration on its merits.

Reversed and remanded for reconsideration.