Argued and submitted September 16, 1994, reversed and remanded
February 22, 1995

In the Matter of the Compensation of
James M. King, Claimant.

James M. KING,
*Petitioner,*

*v.*

BUILDING SUPPLY DISCOUNT
and SAIF Corporation,
*Respondents.*

(92-12157; CA A82403)

889 P2d 1310

Michael A. Gilbertson argued the cause and filed the brief for petitioner.

Steve Cotton, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge,* and De Muniz and Leeson, Judges.

De MUNIZ, J.

---

* Richardson, C. J., *vice* Rossman, P. J., retired.

## De MUNIZ, J.

Claimant seeks review of an order of the Workers' Compensation Board determining that he has failed to establish the compensability of his coronary artery disease.

Claimant has had two compensable heart attacks. When he had his first heart attack in 1977, doctors also diagnosed coronary artery disease. Claimant had coronary bypass surgery, which apparently was not treated as a part of the compensable claim. In holding that the 1977 heart attack was compensable, the referee noted in a 1978 order that claimant's underlying coronary artery disease "is of course not in issue." When claimant had a second heart attack in 1988, he filed a claim for the heart attack. SAIF denied the claim on June 8, 1988, stating:

> "Information in your file indicates that your current condition and need for treatment is unrelated to your myocardial infarction of March 19, 1977, and that this incident of March 19, 1977 did not materially contribute to your current disability or need for treatment. We further find that the incident of March 19, 1977, did not materially worsen your pre-existing, underlying coronary artery disease. *Therefore, without waiving further questions of compensability we must issue this partial denial for your recent condition and need for medical treatment, as well as your pre-existing coronary artery disease.*" (Emphasis supplied.)

After a hearing, in December, 1988, a referee found that the 1977 heart attack and subsequent coronary bypass surgery were a material contributing cause of the 1988 heart attack. The referee set aside the denial "in its entirety" and remanded the case to SAIF for processing. SAIF did not appeal the order to the Board.

Beginning in 1990, while the claim was still open, claimant received treatment for angina pectoris and coronary insufficiency. In August, 1991, claimant's treating doctor declared claimant to be medically stationary. In September, 1991, the claim was closed with an award of temporary disability. Employer apparently continued to pay for claimant's treatment for angina pectoris and coronary artery disease until September, 1992, when it issued a denial, stating that the major contributing cause of the need for treatment is the natural progression of claimant's coronary artery disease.

Claimant sought a hearing. The referee held that the legal effect of the December, 1988, unappealed referee order was to preclude further litigation on the compensability of the coronary artery disease. The Board reversed. It found, and no party contests, that the only claim made or litigated by claimant at the time of the first order had been for the heart attack. Claimant did not dispute employer's denial of the coronary artery disease. The Board reasoned, therefore, that the only claim before the referee had been for the heart attack. Read in the context of the matter being litigated at the time, therefore, the Board concluded that the one sentence statement in the referee's order reversing the denial "in its entirety" could only have been intended to overturn the denial of the heart attack, not the denial of the coronary artery disease, which had not been litigated.

The Board reasoned that, in order for a matter to be subject to claim preclusion, the action to be barred must be on the "same cause of action" as the first matter. Concluding that the claim for the coronary artery condition was not on the same cause of action as had been the claim for the heart attack, the Board held that the later claim was not barred.

We conclude otherwise. Although no specific claim had been made for the coronary artery disease, the condition arguably could have been encompassed within the original claim. *Compare Altamirano v. Woodburn Nursery,* 133 Or App 16, 889 P2d 1305 (1995). SAIF's June 8, 1988, denial specifically includes that condition. Accordingly, apart from the effect of the referee's order overturning the denial, if claimant had later sought compensation for that condition, a denial of that claim would have been upheld on the ground that, there having been no request for hearing on the June 8, 1988, denial of the condition, it had become final. Claimant's opportunity to seek compensation for the condition would have been lost with his failure to appeal the denial. Thus, although no specific claim had been made by claimant for the coronary artery disease, employer's denial specifically including that condition framed the issues that were subject to litigation. *See Weyerhaeuser Co. v. Warrilow,* 96 Or App 34, 771 P2d 295, *rev den* 308 Or 184 (1989). It must be assumed that SAIF itself was aware of its denial of the coronary artery disease. The referee's December, 1988, order setting aside

that denial, even if wrong, had the effect of ordering the acceptance of the coronary artery disease. The order was not appealed and became final by operation of law.

■■ Under the doctrine of claim preclusion, when there has been an opportunity to litigate a question along the road to a final determination, and a final judgment is entered that disposes of the matter, then further litigation of the matter is barred. *Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990). We agree with claimant that further litigation of the compensability of the coronary artery condition is barred by claim preclusion.

Reversed and remanded.