Argued and submitted September 28, 1994, reversed and remanded for
reconsideration March 8, 1995

In the Matter of the Compensation of
Every Mendenhall, Claimant.

REYNOLDS METALS
and CIGNA Insurance Companies,
*Petitioners,*

*v.*

Every MENDENHALL,
*Respondent.*

(91-10150; 89-24635; 91-05946; CA A80507)

891 P2d 706

Montgomery W. Cobb argued the cause and filed the briefs for petitioners.

Victoria A. Harriman argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Employer Reynolds Metals seeks review of a Workers' Compensation Board order setting aside its partial denial of claimant's lower back conditions. We reverse and remand.

Claimant worked at employer's aluminum plant in a position that involved frequent pulling and lifting of heavy objects. On December 30, 1990, claimant developed severe lower back pain while carrying two heat shields. His physician took him off work for several months; eventually he was released for light work. Claimant filed a workers' compensation claim, which described the site of his injury as his "lower back" and the nature of his injury as a "possible ruptured disc."

On May 6, 1991, employer sent claimant a letter advising him that it was accepting his claim for "low back strain" but denying responsibility for various lumbar spine conditions that a medical examination had revealed. Claimant's condition had never been diagnosed as "low back strain." On June 7, 1991, employer issued an amended partial denial:

> "This denial letter amends the denial of May 6, 1991. Pursuant to Notice of Acceptance dated May 6, 1991, we have accepted your low back strain of December 30, 1990. However, there is no medical evidence that the injury of December 30, 1990 or your work at Reynolds Metals is the major contributing cause of any other condition which exists in your lumbar spine.

> "We are therefore denying all pre-existing conditions in your lumbar spine including but not limited to stenosis at L3-4, foraminal stenosis at L4-5, bulging disk at L3-4, ruptured disks in the lumbar spine, degenerative disease in the lumbar spine, disk protrusion at L3-4, bulging disk at L5-S1, right antalgia and limp, and all symptoms caused by these conditions."

Claimant requested a hearing. There, he argued that employer's partial denial was invalid. The referee agreed, and set aside the denial *except* for the denial of the bulging disk at L5-S1 and right antalgia. Although the referee never explained his reason for affirming the denial with respect to

those two conditions, there is evidence in the record that could support that disposition.[1]

The Workers' Compensation Board generally affirmed most aspects of the referee's order, but reversed the portion of the order upholding employer's denial of the L5-S1 condition and right antalgia:

"[Claimant's] injury was accepted by the insurer as a 'low back strain.' This injury manifested itself as pain in the right lumbar region radiating to the right buttock and leg and severe right antalgia and limp. It resulted in disability and the need for treatment. Dr. Berkeley, claimant's treating neurosurgeon, diagnosed preexisting degenerative changes in his lumbar spine at L3-4 and L4-5 which were asymptomatic until the injury was superimposed on the preexisting condition. Claimant was never diagnosed with a low back strain.

"* * * * *

"The medical record supports Dr. Berkeley's opinion that claimant's preexisting low back condition was asymptomatic until the injury. Dr. Berkeley also opined that the injury was the major contributing cause of claimant's disability and need for treatment. There is no contrary opinion. Accordingly we conclude that claimant's current symptomatic low back condition, which resulted from the combination of his injury and preexisting disease is compensable. ORS 656.005(7)(a)(B).

---

[1] Although, in his progress notes, claimant's physician, Dr. Berkeley, described claimant as suffering from right antalgia and a possible bulging disk at L5-S1, he never stated in those notes, or anywhere else in the record, that those conditions were caused by claimant's on-the-job injury. Berkeley's letter opinion discusses only two specific conditions—degenerative changes in claimant's lumbar spine at L3-4 and L4-5. The letter states:

"It is my opinion that [claimant] had chronic degenerative changes in the lumbar spine at L3-4 and L4-5, unrelated to his injury of December 30, 1990. These degenerative changes are longstanding, are chronic, but did not cause any symptoms to the patient until the aforementioned work injury occurred. It is my opinion, therefore, that the effects of the work injury superimposed on a pre-existing condition gave rise to the patient's clinical symptoms and pain which required medical evaluation and treatment. The activities that he undertook at work did not in any way cause the degenerative changes which predated this accident, but they only acted superimposed on this pre-existing condition in giving rise to his clinical symptoms necessitating medical evaluation."

Although Berkeley's notes *could* be viewed as categorizing claimant's right antalgia as a symptomatic condition related to his L3-4 or L4-5 conditions, the referee apparently did not read them in that way.

"Consequently, given the language in the denial that denies 'all symptoms caused by these conditions,' we must set aside the denials *in their entirety.*

"Claimant is entitled to an assessed attorney fee for prevailing on the issue of the compensability of the right antalgia and L5-S1 conditions. ORS 656.386(1)." (Emphasis supplied.)

Employer asked the Board to reconsider, arguing that there is no evidence that claimant's injury or employment caused claimant's L5-S1 condition and right antalgia. On reconsideration, the Board adhered to its order, but offered a different explanation:

"The insurer construes our order finding claimant's current combined condition to be compensable to make claimant's antalgia and L5-S1 conditions compensable. However, we determined only that claimant's current condition and request for treatment was related to his occupational injury. *No claim was presented solely for claimant's pre-existing conditions. In the absence of a specific claim for treatment limited to noncompensable preexisting conditions, the insurer's denial of those conditions was premature.*" (Emphasis supplied.)

Employer now seeks review of the Board's order on the ground that the order fails to clearly state whether claimant's right antalgia and L5-S1 condition must be accepted.

Employer concedes that its partial denial was overbroad, because it includes conditions that are compensable, *i.e.*, those symptoms that were caused by the combination of claimant's preexisting conditions at L3-4 and L4-5 and claimant's December 30, 1990, injury. However, employer contends that the Board erred in setting aside its denial of claimant's L5-S1 condition and right antalgia, when: (1) there is no medical evidence that those conditions were related to claimant's on-the-job injury; and (2) the Board's apparent reason for its holding, that employer's entire denial was procedurally defective, does not justify reversal with respect to those two conditions. Employer argues that, because the Board's order creates confusion as to whether claimant's L5-S1 condition and right antalgia must be accepted, we should remand for clarification. Claimant argues that a remand is unnecessary, because the order

clearly and appropriately requires employer to accept the L5-S1 condition and right antalgia.[2]

■ We agree with employer that the reason stated by the Board in its original order and the differing rationale in its order on reconsideration are inadequate to explain its reversal of the referee's order with respect to claimant's L5-S1 condition and right antalgia. Accordingly, we reverse and remand.

■ The Board's original order stated that the partial denial and amended partial denial, which pertained specifically to the L5-S1 and right antalgia conditions, must be set aside *"in their entirety"* (emphasis supplied) because they deny "all symptoms caused by [the listed] conditions." That statement suggests that the Board believed it must set aside the entire denial because part of it was incorrect. That belief was erroneous; setting aside a denial is not necessarily an all or nothing proposition. So long as the evidence supports its decision, the Board may set aside the denial of some conditions and affirm the denial of others.

The Board's different rationale on reconsideration — that, in the absence of a specific claim for treatment limited to noncompensable conditions, it is premature to deny those conditions — was also erroneous. We addressed that reasoning in *Weyerhaeuser Co. v. Warrilow*, 96 Or App 34, 38, 771 P2d 295, *rev den* 308 Or 184 (1989). There, the claimant's employer accepted "any treatment related to the effects of" a shoulder and neck injury the claimant had suffered at work, but denied responsibility for "mild degenerative changes with mild osteophytic spurring" that appeared on the claimant's x-rays. The referee set aside that denial, reasoning that "it was premature, because there was no evidence that claimant was contending that the degenerative condition was compensable, either by obtaining treatment or requesting payment of medical bills." 96 Or App at 36. The Board affirmed, but on a

---

[2] Claimant also contends that employer "waived" the scope of acceptance issue because it failed to raise it before the Board. However, in the workers' compensation context, a party's silence with respect to some issue cannot be viewed as a waiver unless the record shows an intent to waive a known right. *Drews v. EBI Companies*, 310 Or 134, 150-51, 795 P2d 531 (1990); *V. W. Johnson & Sons v. Johnson*, 103 Or App 355, 358, 797 P2d 396 (1990), *rev den* 311 Or 60 (1991). Because we find nothing in the record to support such an intentional waiver, we reject claimant's argument.

different ground. On the employer's petition for judicial review, the claimant reiterated the referee's reasoning. We rejected that reasoning as unsound:

> "We agree with employer that such a rule could put the employer in a precarious position. For example, in *Georgia-Pacific v. Piwowar*, 305 Or 494, 753 P2d 948 (1988), the claim was for 'sore back.' The employer accepted it, and the medical evidence later showed that the sore back was the result of a noncompensable degenerative condition. The employer then attempted to deny the degenerative condition, but the Supreme Court held that the employer's acceptance of the sore back claim encompassed all conditions that caused the sore back, including the noncompensable degenerative condition.

> "Here, employer's early denial of the degenerative cervical condition is intended to protect it from later finding itself in the position in which Georgia-Pacific found itself in *Piwowar*. To refuse to allow the partial denial would require the employer either to accept the claim and risk the result in *Piwowar*, or neither to accept nor deny the claim until all of the possible medical evidence concerning the cause of the condition is available, at which time the employer may be subject to a penalty for a late acceptance or denial.

> "* * * * *

> "The partial denial does not, on the other hand, prevent claimant from later showing that the degenerative condition has been worsened or accelerated as a result of the injury. We know of no reason why an employer should not be permitted to deny the compensability of a condition that it reasonably interprets to be encompassed in a claim and which it believes to be noncompensable." 96 Or App at 36-38.

■      Here, as in *Weyerhaeuser Co. v. Warrilow, supra,* claimant submitted a claim for a condition that is described in only the most general terms: It is located in claimant's "lower back" and involves a "possible ruptured disc." Employer reasonably interpreted that claim to encompass claimant's right antalgia and bulging disk at L5-S1, and apparently believed that those conditions were noncompensable. Consequently, under the principle expressed in *Warrilow*, the Board erred in setting aside the employer's partial denial of the right antalgia and L5-S1 condition as "premature." *Accord King v. Building Supply Discount*, 133 Or App 179, 182-83, 889 P2d 1310 (1995).

█     Employer also assigns error to the Board's award of attorney fees to claimant for prevailing on the issue of the compensability of claimant's right antalgia and L5-S1 conditions. In view of our remand, we vacate the award of attorney fees.

Reversed and remanded for reconsideration.