**Larry W. WHITE, Plaintiff–Appellant,**

v.

**Donald VAN PELT, Chairman, Colorado State Board of Parole, Defendant–Appellee.**

**No. 01CA1154.**

Colorado Court of Appeals, Div. I.

March 14, 2002.

Rehearing Denied May 2, 2002.

Certiorari Denied Sept. 23, 2002.

Larry W. White, Pro Se.

Ken Salazar, Attorney General, Joseph P. Sanchez, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee.

Opinion by JUDGE STERNBERG.*

Plaintiff, Larry W. White, a prison inmate, appeals the judgment denying his petition seeking mandamus relief against defendant, Donald Van Pelt, Chairman of the Colorado State Board of Parole. We affirm.

### I.

Plaintiff contends that the trial court erred in denying his petition seeking mandamus relief. We do not agree.

Mandamus is an extraordinary remedy that may be used to compel performance by public officials of a plain legal duty which devolves upon them by virtue of their office or which the law enjoins as a duty resulting from the office. *Board of County Comm'rs v. County Rd. Users Ass'n*, 11 P.3d 432 (Colo.2000). Mandamus is appropriate upon the satisfaction of a three-part test: (1) the plaintiff must have a clear right to the relief sought; (2) the defendant must have a clear duty to perform the act requested; and (3) there must be no other available remedy. *Board of County Comm'rs v. County Rd. Users Ass'n, supra.*

Plaintiff, a convicted sex offender, was committed to the custody of the Department of Corrections (DOC) for an indeterminate term pursuant to § 16–13–203, C.R.S.2001. Plaintiff's petition for mandamus sought orders compelling defendant to provide him with a yearly consideration for parole and to place him at a facility where he could participate in a sex offender treatment program.

### A. Parole Review

In support of his claim for annual review of his parole status, plaintiff relied on § 16–13–216(1)(a), C.R.S.2001. That statute provides as follows: "Within six months after a person

---

* Sitting by assignment of the Chief Justice under the provisions of Colo. Const. art. VI, § 5(3), and

C.R.S.2001, § 24–51–1105.

is committed pursuant to section 16–13–203, and at least once during each twelve months thereafter, the board shall review all reports, records, and information concerning said person, for the purpose of determining whether said person shall be paroled."

However, another statute, § 17–2–201(4)(a), C.R.S.2001, enacted some twenty-two years after § 16–13–216(1)(a), provides that if a person applying for parole was convicted of any offense subject to the requirements of § 16–13–203, "the board need only reconsider granting parole to such person once every three years, until the board grants such person parole or until such person is discharged pursuant to law."

■ Statutes upon the same subject are to be construed together and reconciled if possible, and particular statutes prevail over general, and later provisions over former. *See City & County of Denver v. Board of County Comm'rs,* 782 P.2d 753 (Colo.1989); *see also* § 2–4–206, C.R.S.2001 (if statutes enacted at the same or different sessions of the General Assembly are irreconcilable, the statute prevails that is latest in its effective date).

■ Here, § 16–13–216(1)(a) applies to persons committed pursuant to § 16–13–203, while § 17–2–201(4)(a) applies to persons applying for parole who were convicted of any offense subject to the requirements of § 16–13–203. Thus, both statutes would appear to apply to the parole board's obligations to review plaintiff's parole eligibility. Furthermore, the statutes are in conflict because § 16–13–216(1)(a) requires a parole review every twelve months and § 17–2–201(4)(a) requires such a review only every third year.

Under these circumstances, we agree with the trial court's conclusion that § 17–2–201(4)(a), as the later enacted statute, prevails over § 16–13–216(1)(a). *See* § 2–4–206. Consequently, we also agree with the trial court's conclusion that plaintiff failed to establish a clear right to annual parole review. *See Board of County Comm'rs v. County Rd. Users Ass'n, supra.*

## B. Placement

■ Plaintiff also sought an order compelling defendant to place him in a facility where he had access to a sex offender treatment program. In support of this claim, plaintiff relied primarily on § 16–13–216(2), C.R.S.2001, which provides as follows:

> The board is authorized and it is its duty to order the transfer of any person committed pursuant to section 16–13–203, *if the board deems it to be in the best interests of said person and the public,* to any facility under the jurisdiction of the department or to the department of human services subject to the availability of staff and housing. (emphasis added)

Nothing in this statute requires defendant, or the parole board, to place plaintiff in any particular facility. Rather, the statute clearly vests the parole board with discretion as to whether to order a transfer based upon the best interests of the inmate and the public.

Plaintiff's reliance on *White v. Rickets,* 684 P.2d 239 (Colo.1984), is misplaced. In *White,* an inmate alleged that the parole board had ordered that he be transferred to another facility pursuant to § 16–13–216(2), but the DOC had taken no action to comply with that order. The supreme court concluded that the inmate's allegations stated a claim for mandamus relief and remanded for consideration of the claim.

Unlike the circumstances in *White,* here, the parole board has not ordered plaintiff transferred. Moreover, as stated above, defendant has no clear duty to order such a transfer under § 16–13–216(2).

In sum, we conclude that plaintiff failed to establish either that he had a clear right to the relief sought or that defendant had a clear duty to perform the act requested.

## II.

■ Plaintiff also contends that the trial court's summary judgment ruling was "premature" and did not give him an opportunity to conduct discovery. We are not persuaded.

First, the issues facing the trial court were predominantly, if not entirely, legal rather than factual. Furthermore, had plaintiff wished to postpone any summary judgment

ruling by the trial court, he was required to file an affidavit pursuant to C.R.C.P. 56(f). *See Card v. Blakeslee,* 937 P.2d 846 (Colo. App.1996). Plaintiff filed no such affidavit.

Under these circumstances, we perceive no error or due process violation in the timing of the trial court's ruling.

We have considered plaintiff's remaining contentions and have determined that they are not persuasive or improperly raised in this appeal.

The judgment is affirmed.

Judge NIETO and Justice KIRSHBAUM, concur.