Argued and submitted April 30, reversed and remanded for reconsideration
October 2, 2002

In the Matter of the Compensation of
Carolyn S. Ricker, Claimant.

SAIF CORPORATION
and Salem Hospital,
*Petitioners,*

*v.*

Carolyn S. RICKER,
*Respondent.*

99-08594; A111064

55 P3d 532

James W. Moller argued the cause and filed the brief for petitioners.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Claimant suffered compensable injuries to her left wrist and right shoulder. Claimant also had a preexisting degenerative condition in her shoulder. SAIF, employer's insurer, accepted a claim for a combined condition. On May 26, 1999, SAIF issued a denial of claimant's combined condition, stating:

> "SAIF Corporation hereby issues a current combined condition denial of your disability and need for treatment on and after December 31, 1998. It is our position that after this date, your otherwise compensable injuries ceased to remain the major contributing cause of your combined condition and the disability and need for treatment resulting therefrom."

Claimant requested a hearing, and on September 30, 1999, Administrative Law Judge (ALJ) Black upheld employer's denial. Claimant did not appeal ALJ Black's order to the Workers' Compensation Board, and it became final on October 30, 1999.

In the meantime, on July 12, 1999, SAIF had issued a notice of closure of the claim, determining that claimant became medically stationary on December 31, 1998, and granting her time loss through that date. Claimant sought reconsideration of the notice of closure, and on October 4, 1999, the Department of Consumer and Business Services issued an order on reconsideration granting claimant time loss through June 28, 1999. ALJ Nichols and the board upheld the order on reconsideration, reasoning that the medical evidence indicated that claimant became medically stationary on June 28, 1999. SAIF seeks judicial review, asserting that the board erred in failing to address the preclusive effect of ALJ Black's unappealed September 1999 order upholding the combined condition denial as of December 31, 1998. We agree with SAIF that the board should have addressed whether ALJ Black's unappealed order upholding SAIF's denial as of December 31, 1998, preclusively determined that claimant was not substantively entitled to

benefits for temporary total disability after December 31, 1998. *See King v. Building Supply Discount*, 133 Or App 179, 889 P2d 1310 (1995).

Reversed and remanded for reconsideration.